GILMER, J.,
delivered the opinion of the court.
The only question in this case arises on the construction to be given to the ninth clause in the will of Absalom Flowers, which is in these words: “I direct that my negro man James have his choice to live with either of my children or grandchildren, whichever he may select; but he may have the privilege to change *his home, if he thinks propér, if not well treated, and maj’- live where he prefers.” The intention of the testator is very plain. His object was to provide a comfortable home for James, and one which would be most agreeable to him; and while he has not in terms manumitted him, he has attempted to confer upon him rights and privileges which are wholly inconsistent with a state of slavery. He is to be allowed *511 to change his home whenever he thinks proper, if not well treated; he is to be the sole judge of such treatment, and he is to live where he pleases. It was contended by the counsel for the appellants, that this slave istbequeathed to any one of the children or grand-children of the testator with whom he might elect to live, and that the bequest after such election is good and the conditions void. If there had been a bequest of this kind, this might be so (about which I express no opinion); but I do not think there is a bequest of the slave to any one, under any circumstances. The sole object of the testator seems to have been to confer these privileges on the slave, and to leave him in a condition between slavery and freedom — a condition unknown to our laws and against its policy. The case comes fully within the principle decided in Rucker v. Gilbert, 3 Leigh, 8, and Wynn v. Carroll, 2 Grat. 229. I am for affirming the decree.
TYLER, J.
I am for affirming the decree in this cause; but as the cause must be remanded to the court below, I think it ought to be remanded with instructions in reference to so much of the decree as directs a commissioner to take an account of the hires of the negro James while in the possession of the appellant. The court, before making such an order, ought to have decided who was responsible for the hires; so that this court might have settled that question in the cause. But in its present condition the court has not adjudicated this principle, and although the appellant assigns as error, that he was charged with hires of the negro, it does not appear from the record that the court has *decided that he or any body else is chargeable. If, then, this decree is affirmed without explanation or instruction, it may be supposed by the court below, that this court has in effect decided that the appellant is responsible to the legatees. And if the court below had decided, (and from the frame of the order that must have been the opinion of the court below,) that the appellant was responsible to the legatees for the hires of the slave, I should have considered it error.
As the general rule of law and equity is, that an executor has absolute power of disposal over the whole personal effects of the testator, and that they cannot be followed by creditors, much less by legatees, either general or specific, in the hands of an alienee (and the only exception to the rule is where the alienee is a party to a breach of trust by the executor), and the reason assigned is, that, if the law were otherwise, no one would deal with the executor, if liable afterwards to be called to an account (1 Lomax on Executors, 344, and cases cited). If, then, this order is pointed at the legatee, it would be error to decree against him; if at the estate of the executor, it is idle; because the executor died pending this suit, and it has been revived against his representative; and in order to charge his estate there must be an order for him to settle the account of his testator on the estate of Elowers. So that in any point of view, it seems to me proper that this correction should be made. It will not affect the question of costs here, because so much of the decree as directs this en-quiry before a commissioner, as it settles no principle in the cause, could not, if standing alone, be appealed from; and if affirmed with the rest of the decree, may be and probably will be treated as a decision concluding the appellant on this question, he having assigned that as error in his petition, and no notice being taken of it, but there being a general affirmance. Eor these reasons, I dissent from an unqualified affirmance of the decree.
*The decree of the court was as. follows:
The court is of opinion, that the ninth, clause of Absalom Flowers’ will is inoperative and void, as a bequest of freedom to the negro man James. Nor can it be intended as a bequest by him to such one of his children or grand-children as the slave might elect or select for his master, coupled, with a superadded condition (the privilege of changing his home and master at his will and pleasure), which the law holds null and void, and the bequest absolute upon the first selection of the slave, if such a bequest as that, of a slave, clearly expressed and intended by the testator, making the legatee to depend upon the election or selection of the slave without such su-peradded condition, would be good, about which the court expresses no opinion.
The court is therefore of opinion, that there is no error in the decree of the court, below, directing the sale of the said slave in order to a distribution of the proceeds of sale, and ordering an account to be taken of his hires for the same purpose; therefore it is ordered and decreed, that the same be affirmed, and that the appellants do pay unto the appellees their costs by them about their defence in this behalf expended, which is ordered, &c.